Eastern District of Kentucky
FILED
JUL 19 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-345-GWU

FAYE MCMILLION, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Faye McMillion brought this action to obtain judicial review of an unfavorable administrative decision of the Department on her applications for Disabled Widow's Insurance Benefits (WIB) and Supplemental Security Income (SSI). The case is currently before the Court on cross-motions for summary judgment.

## LAW APPLICABLE TO WIDOW'S INSURANCE BENEFITS

The plaintiff filed two types of benefit claims, as has been noted above. With respect to the plaintiff's widow's insurance benefits, the medical evidence relating to such claims filed on or after January 1, 1991, or applications pending on or after that date, are to be evaluated under the same standards as are applied to other Title II disability claims. Omnibus Budget Reconciliation Act (OBRA) of 1990, Pub. L. No.

1

101-508, Section 5103. Accordingly, a review of the principles applicable to judicial review of these other claims is necessary.[1]

## LAW APPLICABLE TO SUPPLEMENTAL SECURITY INCOME

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Title II benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520)c), 404,1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P,

---

[1] The ALJ made a specific finding that the non-disability requirements for Widow's benefits were met in the present case. (Tr. 15).

2

>
> Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

3

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656, (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. If there is objective medical evidence of a medical condition, the court must determine if (1) objective evidence confirms the severity of the alleged pain arising from the condition, or (2) the objectively-established medical condition is of such severity that it can reasonably be expected to produce disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002 (6th Cir. 1988).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

In step three, as previously noted, the issue is whether the plaintiff has a "severe impairment." This term is defined by the regulation to mean an impairment which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs" 20 CFR 404.1521.

McMillion

The term is not to be interpreted in an overly restricted manner. Farris v. Secretary, 773 F.2d 85 (6th Cir. 1985). One of the factors which may detract from the decision is when the Secretary automatically determines that a condition is not a severe impairment by virtue of the fact that the claimant was engaged in some work while suffering from the condition. Mowery v. Secretary, 771 F.2d 966 (6th Cir. 1985). On the other hand, when a plaintiff has suffered from an eye injury since he was a teenager and had a full work history for decades thereafter until he is disabled by another condition, the Secretary might properly determine that the eye injury had little real effect on the disability determination. Auer v. Secretary, 830 F.2d 594 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that McMillion, a 52 year-old woman with a high school education and no past relevant work history, suffered from impairments related to a hearing deficit, shoulder and arm pain complaints, and an adjustment disorder. (Tr. 9-10). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 15). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 16). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 14).

McMillion

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Katherine Bradford included no exertional restrictions with the ability to understand, remember and persist with even-paced routine tasks, relate adequately in less-crowded situations and adapt to routine, predictable task demands. (Tr. 248). These restrictions were taken from the opinion of Psychologist Thompson Prout, a non-examining medical reviewer. (Tr. 124). However, Prout also indicated that McMillion would be "moderately limited" in such areas as maintaining attention and concentration for extended time periods, interacting appropriately with the general public, and responding appropriately to changes in the work setting. (Tr. 122-123). While the ALJ did make a vague reference to these other limitations during presentation of the hypothetical question, he clearly did not incorporate them by reference into the hypothetical question. (Tr. 248). Psychologist Laura Cutler, another medical reviewer, also identified the same mental limitations as Prout. (Tr. 141-142).

7

The mental limitations adopted by the ALJ came from Section III of the Mental Residual Functional Capacity Assessment form. (Tr. 124). The omitted restrictions were from the Section I of this form. (Tr. 122-123). The form in Section I states that "each mental activity is to be evaluated within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." (Tr. 122). The form indicates that the purpose of Section III is to enable the reviewer to explain and elaborate on the capacities identified in the preceding Section in narrative form. (Tr. 124). Therefore, Section III does not supersede the limitations contained in Section I.

McMillion sought treatment for her mental problems at the Cumberland River Comprehensive Care Center. (Tr. 164-189, 194-202, 209-216). Specific mental restrictions were not identified by the Cumberland River staff. However, the claimant's Global Assessment of Functioning (GAF) was rated at 60 in January of 2004. (Tr. 202). Such a GAF suggests the existence of at least "moderate" psychological symptoms and, so, appears compatible with mental limitations identified by Prout and Cutler.

The opinions of Prout and Cutler are not contradicted in the record by those of another mental health professional. The ALJ should at least have sought the advice of a medical advisor if he did not find their opinions persuasive rather

8

McMillion

substituting his own lay opinion. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _19_ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE